Richard M. Heimann (State Bar No. 063607)
Joy A. Kruse (State Bar No. 142799)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Marc I. Gross
Jeremy Lieberman
Fei-Lu Qian
POMERANTZ HAUDEK GROSSMAN & GROSS LLP
100 Park Avenue, 26th Floor
New York, New York 10017
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

Patrick V. Dahlstrom
POMERANTZ HAUDEK GROSSMAN & GROSS LLP
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AWAAZ BAKSH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NIVS INTELLIMEDIA TECHNOLOGY GROUP, INC., TIANFU LI, ALEXANDER CHEN, and SIMON ZHANG,<br><br>Defendants.<br><br>*[caption continued on next page]* | Civil No. 2:11-cv-02647-R-JCG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NEWMAN FOR CONSOLIDATION OF ALL RELATED CASES, APPPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**<br><br>DATE: July 5, 2011<br>TIME: 10:00 a.m.<br>JUDGE: Honorable Manuel L. Real<br>CTRM: 8 |

| | |
|---|---|
| GAIL KWOK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>NIVS INTELLIMEDIA TECHNOLOGY GROUP, INC., TIANFU LI, SIMON ZHANG, and ALEXANDER CHEN,<br><br>Defendants. | Civil No. 2:11-cv-02716-R-JCG |
| IRA F/B/O EDWARD FRITSCHE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>NIVS INTELLIMEDIA TECHNOLOGY GROUP, INC., TIANFU LI, ALEXANDER CHEN, SIMON ZHANG, RUXIANG NIU, MINGHUI ZHANG, GENGQIANG YANG, CHARLES MO, RODMAN & RENSHAW, LLC, and WESTPARK CAPITAL, INC.,<br><br>Defendants. | Civil No. 2:11-cv-03004-R-JCG |
| ALI ARAR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NIVS INTELLIMEDIA TECHNOLOGY GROUP, INC., TIANFU LI, ALEXANDER CHEN, and SIMON ZHANG,<br><br>Defendants. | Civil No. 2:11-cv-03857-R-JCG |

1

# TABLE OF CONTENTS

2

**Page**

3  PRELIMINARY STATEMENT .......................................................................... 1

4  INTRODUCTION ............................................................................................... 1

     I.      STATEMENT OF FACTS ................................................................. 2

5

     II.     ARGUMENT ...................................................................................... 3

6            A.     THE RELATED ACTIONS SHOULD BE
                CONSOLIDATED ................................................................. 3

7            B.     NEWMAN SHOULD BE APPOINTED .................................. 5

8                  1.     Newman Is Willing to Serve as a Class
                      Representative .......................................................... 6

9                  2.     Newman Has the Largest Financial Interest in the

10                        Action ...................................................................... 6

                3.     Newman Satisfies the Requirements of Rule 23 of
11                        the Federal Rules of Civil Procedure ...................... 7

12                  4.     Newman Fairly and Adequately Represent the
                      Interests of the Class and is Not Subject to Unique

13                        Defenses .................................................................. 9

          C.     LEAD PLAINTIFF'S SELECTION OF LEAD
14                  COUNSEL SHOULD BE APPROVED ................................... 9

15  CONCLUSION ................................................................................................... 10

16

17

18

19

20

21

22

23

24

25

26

27

28

924176.1
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NEWMAN FOR CONSOLIDATION OF ALL
RELATED CASES, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL

1

# TABLE OF AUTHORITIES

2

**Page**

3

## CASES

4
*Aronson v. McKesson HBOC, Inc.,*
   79 F. Supp. 2d 1146 (N.D. Cal. 1999) ........................................................ 4, 7

5
*Danis v. USN Communs., Inc.,*
6
   189 F.R.D. 391 (N.D. Ill. 1999) ............................................................... 7, 8

*Fields v. Wolfson,*
7
   41 F.R.D. 329 (S.D.N.Y. 1967) .................................................................. 4

8
*Hanon v. Dataproducts Corp.,*
   976 F.2d 497 (9th Cir. 1992) ..................................................................... 8

9
*In re McKesson HBOC, Inc. Sec. Litig.,*
   97 F. Supp. 993 (N.D. Cal. 1999) .............................................................. 7

10
*In re Northern Dist. Of Cal., Dalkon Shield IUD Prod. Liab. Litig.,*
11
   693 F.2d 847 (9th Cir. 1982) ..................................................................... 8

*In re Olsten Corp. Sec. Litig.,*
12
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ........................................................... 7

13
*Lax v. First Merchants Acceptance Corp.,*
   1997 U.S. Dist. LEXIS 11866, 1997 WL 461036
14
   (N.D. Ill. Aug. 11, 1997) .......................................................................... 7

*Lerwill v. Inflight Motion Pictures, Inc.,*
15
   582 F.2d 507 (9th Cir. 1978) ..................................................................... 8

16
*Osher v. Guess?, Inc.,*
   2001 U.S. Dist. LEXIS 6057
17
   (C.D. Cal. Apr. 26, 2001) ...................................................................... 5, 9

18
*Riordan v. Smith Barney,*
   113 F.R.D. 60 (N.D. Ill. 1986) .................................................................. 8

19
*See Erikson v. Cornerstone Propane Partners LP,*
   2003 U.S. Dist. LEXIS 18009
20
   (N.D. Cal. Sept. 9, 2003) .......................................................................... 5

*Squyres v. Union Texas Petroleum Holdings, Inc.,*
21
   1998 U.S. Dist. LEXIS 22945
   (C.D. Cal. Nov. 2, 1998) .......................................................................... 5

22
*Takeda v. Turbodyne Techs. Inc.,*
23
   67 F. Supp. 2d 1129 (C.D. Cal. 1999) ..................................................... 4, 8

*Tanne v. Autobytel, Inc.,*
24
   226 F.R.D. 659 (C.D. Cal. 2005) ............................................................... 7

25
*Wenderhold v. Cylink Corp.,*
   188 F.R.D. 577 (N.D. Cal. 1999) ............................................................... 7

26

## STATUTES

27
15 U.S.C.
   § 78u-4(a)(3) .................................................................................. passim

28

# TABLE OF AUTHORITIES
## (continued)

**Page**

### RULES

Fed. R. Civ. P.
42(a)..................................................................................................... 1

Fed. R. Civ. P.
42(a)..................................................................................................... 4

### TREATISES

*Manual for Complex Litig. (3d)* (1995),
20.123 ............................................................................................. 4

924176.1

- iii -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NEWMAN FOR CONSOLIDATION OF ALL
RELATED CASES, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL

**PRELIMINARY STATEMENT**

Plaintiff Sean Newman ("Newman") respectfully submit this Memorandum of Points and Authorities in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for an order: (i) consolidating all Related Actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (ii) appointing Newman as Lead Plaintiff on behalf of all persons who purchased or otherwise acquired NIVS Intellimedia Technology Group, Inc. ("NIVS" or the "Company") securities (the "Class"); (iii) approving Newman's selection of Pomerantz Haudek Grossman & Gross LLP (the "Pomerantz firm") as Lead Counsel and Lieff, Cabraser, Heimann & Bernstein, LLP (the "Lieff firm") as Liaison Counsel for the Class; and (iv) granting such other and further relief as the Court may deem just and proper.

**INTRODUCTION**

The above-captioned actions[1] (the "Related Actions") are securities class action lawsuits that have been brought against NIVS and certain officers alleging violations of federal securities laws. The actions are on behalf of all persons or entities who purchased or otherwise acquired the securities of NIVS between March 24, 2010 and March 25, 2011, inclusive (the "Class Period"). The *Kwok* action includes purchasers of NIVS securities in the Company's Secondary Public Offering commenced on or about April 20, 2010 ("Offering"). The *Fritsche* action also seeks remedies under the Securities Act of 1933 on behalf of all persons or entities who purchased shares of NIVS common stock pursuant and/or traceable to the Company's Offering.

---

[1] They are entitled the following: *Baksh v. NIVS Intellimedia Tech. Group, Inc.*, 11-02647-R-JCG; *Kwok v. NIVS Intellimedia Tech. Group, Inc.*, 11-02716-R-JCG; *IRA F/B/O Edward Fritsche v. NIVS Intellimedia Tech. Group, Inc.*, 11-03004-R-JCG; and *Arar v. NIVS Intellimedia Tech. Group, Inc.*, 11-03857-R-JCG.

924176.1

1    Pursuant to the PSLRA, the court appoints as lead plaintiff the movant who
2    possesses the largest financial interest in the outcome of the Action and who
3    satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15
4    U.S.C. § 78u-4(a)(3)(B)(iii)(I). Newman, with a loss of $421,876 in connection
5    with his purchases of NIVS securities during the Class Period, is an adequate and
6    typical to serve as lead plaintiff.  Newman believes that he is the "most adequate
7    plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff for these
8    actions.  Newman has the largest financial interest in the relief sought in these
9    actions by virtue of his substantial investment in NIVS securities during the Class
10   Period and the loss he suffered as a result of Defendants' misconduct.  Newman
11   further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure
12   as an adequate loss representative with claims typical of the other Class members.
13   Accordingly, Newman respectfully submits that he should be appointed Lead
14   Plaintiff.

15   **I.    STATEMENT OF FACTS**

16       Throughout the Class Period, Defendants made false and/or misleading
17   statements, as well as failed to disclose material adverse facts about the Company's
18   business, operations, and prospects. Specifically, Defendants made false and/or
19   misleading statements and/or failed to disclose: (1) that the Company had
20   inaccurately recorded certain transactions; (2) that there were discrepancies in the
21   Company's accounts receivables; (3) that the Company was engaged in illegal acts
22   involving the Company's accounting records and bank statements; (4) that, as a
23   result, the Company's financial results were not prepared in accordance with
24   Generally Accepted Accounting Principles; (5) that the Company lacked adequate
25   internal controls; and (6) that, as a result of the foregoing, the Company's financial
26   results were false and misleading at all relevant times.

27       On March 24, 2011, NYSE Regulation, Inc. unexpectedly announced that it
28   was implementing a trading halt in the common stock of NIVS and evaluating both

1   the need for certain public disclosures and the overall suitability for continued

2   listing of the Company's common stock.

3         On March 25, 2011, the Company disclosed that the Audit Committee of the

4   Board of the Directors had approved the dismissal of NIVS's independent auditor,

5   MaloneBailey LLP ("MaloneBailey").   Further, the Company indicated that

6   MaloneBailey had provided a letter to the Audit Committee, advising that the

7   independent auditor had encountered issues and concerns that, in their view,

8   required additional information and procedures, including the initiation of an

9   independent investigation, in order to verify the accuracy of certain transactions and

10  balances recorded on the Company's financial statements and records. Moreover,

11  MaloneBailey informed the Company in a letter of resignation that they "were

12  unable to rely on management's representations as they relate to previously issued

13  financial statements and [they] could no longer support its audit opinion dated

14  March 24, 2010, related to [their] audit of consolidated financial statements of the

15  Company and its subsidiaries as of December 31, 2009, included in the Company's

16  annual report on Form 10-K for the fiscal year ended December 31, 2009."

17  According to the Company, MaloneBailey "based its resignation on what it

18  characterized illegal acts involving the Company's accounting records and bank

19  statements and discrepancies in accounts receivable."

20  **II.**   **ARGUMENT**

21      **A.**   **THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

22         On March 29, 2011, the first of at least four above-captioned actions against

23  NIVS was filed in the Central District of California.[2] These Related Actions allege

24  the same factual events and name the same core defendants. Further, the complaints

25  allege similar legal bases for their claims: Sections 10(b) and 20(a) of the Exchange

26  Act.   In sum, the Related Actions involve common questions of fact and law.

27

28  [2] On April 12, 2011, an action was filed in the Southern District of New York
entitled, *Schuler v. NIVS Intellimedia Tech. Group, Inc.*, 11 Civ. 2484-JGK.

924176.1

- 3 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NEWMAN FOR CONSOLIDATION OF ALL
RELATED CASES, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL

1  Accordingly, pursuant to Fed. R. Civ. P. 42(a), the Related Actions may be
2  consolidated for all purposes.

3  Consolidation of related cases is proper where, as here, the actions involve
4  common questions of law and fact such that consolidation would prevent
5  unnecessary cost or delay in adjudication:

6      When actions involving a common question of law or fact
       are pending before the court, it may order a joint hearing
7      or trial of any or all of the matters in issue in the actions;
       it may order all the actions consolidated; and it may make
8      such orders concerning proceedings therein as may tend
       to avoid unnecessary costs or delays.
9

10  Fed. R. Civ. P. 42(a). *See also Manual for Complex Litig. (3d)*, 20.123, at 13-14
11  (1995).

12  The PSLRA contemplates consolidation where "more than one action on
13  behalf of a class asserting substantially the same claim or claims arising under this
14  chapter has been filed," *see* 15 U.S.C. § 78u-4(a)(3)(A)(ii), and did not displace the
15  traditional legal standards for consolidation under Fed. R. Civ. P. 42(a). *Aronson v.*
16  *McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1150-51 (N.D. Cal. 1999). Under the
17  traditional principles of consolidation, complaints may be considered regardless of
18  whether the individual claims or causes of action are identical. As such, one court
19  has recently noted, "neither Rule 42 nor the PSLRA demands that the actions be
20  identical." *Takeda v. Turbodyne Techs. Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal.
21  1999). Indeed, it has long been routine in federal securities actions to consolidate
22  such complaints, and consider prejudicial to defendants not to consolidate such
23  actions. *See, e.g., Fields v. Wolfson*, 41 F.R.D. 329, 330 (S.D.N.Y. 1967).

24  As noted above, here, the allegations in the Related Actions are based on the
25  same underlying facts and events, which occurred during the same time period, and
26  charge the same core defendants with violations of the federal securities laws.

27  The consolidation of these actions will expedite pretrial proceedings, reduce
28  duplication, avoid contacting of parties and witnesses for inquiries in multiple

1    proceedings and minimize the expenditure of time and money by all persons

2    concerned. Moreover, consolidation will reduce the confusion and delay that may

3    result from prosecuting these related class action cases separately. Further, the

4    defendants have not sated any prejudice that they would suffer as a result of

5    consolidation of these actions. Thus, the motion by Newman to consolidate the

6    Related Actions should be granted.

7    **B.    <u>NEWMAN SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS</u>**

8

9        Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of

10   Lead Plaintiffs in class actions brought under the Exchange Act. The PSLRA

11   directs courts to consider any motion to serve as Lead Plaintiff filed by class

12   members in response to a published notice of class action by the later of (i) 90 days

13   after the date of publication, or (ii) as soon as practicable after the Court decides

14   any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

15       Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to

16   consider all motions by plaintiffs or purported class members to appoint lead

17   plaintiffs filed in response to any such notice. Under this section, the Court "shall"

18   appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and

19   shall presume that plaintiff is the person or group of persons, that:

20            (aa) has either filed the complaint or made a motion in
              response to a notice . . .;
21

22            (bb) in the determination of the Court, has the largest
              financial interest in the relief sought by the class; and
23
              (cc) otherwise satisfies the requirements of Rule 23 of the
24            Federal Rules of Civil Procedure.

25   *See Erikson v. Cornerstone Propane Partners LP*, 2003 U.S. Dist. LEXIS 18009, at

26   *8-*9 (N.D. Cal. Sept. 9, 2003); *Squyres v. Union Texas Petroleum Holdings, Inc.*,

27   1998 U.S. Dist. LEXIS 22945, at *5 (C.D. Cal. Nov. 2, 1998); *Osher v. Guess?,*

28   *Inc.*, 2001 U.S. Dist. LEXIS 6057, at *11 (C.D. Cal. Apr. 26, 2001).

As set forth below, Newman satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1.   Newman Is Willing to Serve as a Class Representative

On March 29, 2011, counsel in the first filed action against the defendants caused a notice to be published pursuant to Section 21D(a)(3)(A)(i) of the PSLRA announcing that a securities class action had been filed against the defendants herein, and investors of NIVS securities that they had until May 31, 2011, to file a motion to be appointed as Lead Plaintiff. *See* Dahlstrom Decl., Exhibit A.

Newman has filed the instant motion pursuant to the Notice and has attached Certification attesting that he is willing to serve as Lead Plaintiff for the Class and is willing to provide testimony at depositions and trial, if necessary. *See* Dahlstrom Decl., Exhibit B. Accordingly, Newman satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2.   Newman Has the Largest Financial Interest in the Action

As noted above, the PSLRA establishes a rebuttable presumption that the most adequate plaintiff is the "person" or "group of persons" who "has the largest financial interest in the relief sought by the class," and who also satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). This presumption can only be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002).

As of the time of the filing of this motion, Newman believes that he has the largest financial interest of anyone in the relief sought by the Class. Newman purchased (1) 206,500 NIVS shares (2) expended over $457,599 for his NIVS securities; (3) retained 189,500 of his NIVS shares at the end of the Class Period;

1   and (4) suffered a loss of approximately $421,876 related to his purchases. *See*

2   Dahlstrom Decl., Exhibit C. *See also In re McKesson HBOC, Inc. Sec. Litig.*, 97 F.

3   Supp. 993 (N.D. Cal. 1999); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296

4   (E.D.N.Y. 1998); *Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS

5   11866, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997). Because Newman

6   possesses the largest financial interest in the outcome of this litigation, he may be

7   presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-

8   4(a)(3)(B)(iii)(I)(bb).

9           **3.    Newman Satisfies the Requirements of Rule 23 of the**
                    **Federal Rules of Civil Procedure**

10          The PSLRA requires that the lead plaintiff must satisfy the requirements of

11  Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-

12  (a)(3)(B)(iii)(I)(cc). With respect to the claims of class representatives, Rule 23(a)

13  requires that (1) the class is so numerous that joinder of all members is

14  impracticable; (2) there are questions of law or fact common to the class; (3) such

15  claims are typical of those of the class; and (4) the representatives will fairly and

16  adequately protect the interests of the class. For purposes of a motion to appoint

17  lead plaintiff pursuant to the PSLRA, however, all that is required is a "preliminary

18  showing" that the lead plaintiff's claims are typical and adequate. *Aronson*, 79 F.

19  Supp. 2d at 1158 (citing *Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 587 (N.D.

20  Cal. 1999)). *See Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 666 (C.D. Cal. 2005).

21          The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the

22  named representative's claims have the "same essential characteristics as the claims

23  of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill.

24  1999). "A class is typical if it arises from the same event or course of conduct that

25  gives rise to claims of other class members and all claims are based on the same

26  legal theory." *Id.* Indeed, the "similarity of legal theory may control even where

27  factual distinctions exist between the claims of the named representatives and the

28

924176.1

- 7 -

1   other class members." *Id.   See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508

2   (9th Cir. 1992) (The typicality requirement serves to "assure that the interest of the

3   named representative aligns with the interests of the class.") (citation omitted).

4        Newman's claims are typical of those of the Class. He alleges, as do all class

5   members, that defendants violated the Exchange Act by making what they knew or

6   should have known were false or misleading statements of material facts

7   concerning NIVS, or omitted to state material facts necessary to make the

8   statements they did make not misleading. Newman, as did all members of the Class,

9   purchased NIVS securities during the Class Period at prices artificially inflated by

10   defendants' misrepresentations or omissions and was damaged upon the disclosure

11   of those misrepresentations and/or omissions.   These shared claims, which are

12   based on the same legal theory and arise from the same events and course of

13   conduct as the class claims, satisfy the typicality requirement of Rule 23(a)(3).

14        The adequacy of representation requirement of Rule 23(a)(4) is satisfied

15   where it is established that a representative party "will fairly and adequately protect

16   the interests of the class."  Accordingly,

17        The Ninth Circuit has held that representation is
        "adequate" when counsel for the class is qualified and
18        competent, the representative's interests are not
        antagonistic to the interests of absent class members, and
19        it is unlikely that the action is collusive.

20

21   *Takeda*, 67 F. Supp. 2d at 1137 (citing *In re Northern Dist. Of Cal., Dalkon Shield*

22   *IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)). *Accord Lerwill v.*

23   *Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).  The class

24   representative must also have "sufficient interest in the outcome of the case to

25   ensure vigorous advocacy."  *Takeda*, 67 F. Supp. 2d at 1137 (citing *Riordan v.*

26   *Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986)).

27        Newman is an adequate representative for the Class. There is no antagonism

28   between his interests and those of the Class and his loss demonstrates that he has a

1    sufficient interest in the outcome of this litigation. Moreover, he has retained

2    counsel highly experienced in prosecuting securities class actions such as this

3    action, vigorously and efficiently, and submit their choices to the Court for

4    approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### 4.   Newman Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

7    The presumption in favor of appointing Newman as Lead Plaintiff may be

8    rebutted only upon proof "by a purported member of the plaintiffs' class" that the

9    presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or
>
> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

14   15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

15   Newman's ability and desire to fairly and adequately represent the Class

16   have been discussed above. Newman is not aware of any unique defenses

17   Defendants could raise that would render him inadequate to represent the Class.

18   Thus, Newman should be appointed Lead Plaintiff for the Class.

### C.   LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL SHOULD BE APPROVED

20   The PSLRA vests authority in the lead plaintiff to select lead counsel, subject

21   to approval by the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher*, 2001 U.S. Dist.

22   LEXIS 6057, at *15. The Court should only interfere with lead plaintiff's selection

23   when necessary "to protect the interests of the class."   15 U.S.C. § 78u-

24   4(a)(3)(B)(iii)(II)(aa).

25   Here, Newman has selected the Pomerantz firm to serve as Lead Counsel and

26   Lieff firm to serve as Liaison Counsel for the Class. As detailed in their firm

27   resumes (*see* Dahlstrom Decl., Exhibits D and E), the Pomerantz firm and the Lieff

1    firm have extensive expertise and experience in the field of securities litigation and

2    have successfully prosecuted numerous securities fraud class actions and obtained

3    excellent recoveries on behalf of defrauded investors. Thus, the Court may be

4    confident that the Class will receive the highest caliber of legal representation.

5                                    **CONCLUSION**

6         WHEREFORE, Newman respectfully requests that the Court issue an order:

7    (1) consolidating the related actions; (2) appointing Newman as Lead Plaintiff for

8    the Class; (3) approving Newman's selection of Lead and Liaison Counsel for the

9    Class; and (4) granting such other and further relief as the Court may deem just and

10   proper.

11   Dated: May 31, 2011                    Respectfully submitted,

12                                          **LIEFF, CABRASER, HEIMANN**
                                            **& BERNSTEIN, LLP**
13

14                                          By: _____
15

16                                          Richard M. Heimann
                                            Joy A. Kruse
17                                          275 Battery Street, 29th Floor
                                            San Francisco, California 94111-3339
18                                          Telephone: (415) 956-1000
                                            Facsimile: (415) 956-1008
19
                                            **POMERANTZ HAUDEK GROSSMAN**
20                                          **& GROSS LLP**

21                                          Marc I. Gross
                                            Jeremy A. Lieberman
22                                          Fei-Lu Qian
                                            100 Park Avenue, 26th Floor
23                                          New York, New York 10017
                                            Telephone:  (212) 661-1100
24                                          Facsimile:   (212) 661-8665

25

26

27

28

**POMERANTZ HAUDEK GROSSMAN & GROSS LLP**

Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:   (312) 377-1184

Counsel for Lead Plaintiff Movant Sean Newman and Proposed Lead Counsel and Liaison Counsel for the Class

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NEWMAN FOR CONSOLIDATION OF ALL RELATED CASES, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL