CHAPIN FITZGERALD
   SULLIVAN & BOTTINI LLP
EDWARD D. CHAPIN (SBN 053287)
echapin@cfsblaw.com
FRANCIS A. BOTTINI, JR. (SBN 175783)
fbottini@cfsblaw.com
DOUGLAS J. BROWN (SBN 248673)
dbrown@cfsblaw.com
550 West C Street, Suite 2000
San Diego, CA 92101
Telephone: (619) 241-4810
Facsimile: (619) 955-5318

*Counsel for Lead Plaintiff Movant W. Thomas Maynard
and Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| AWAAZ BAKSH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NIVS INTELLIMEDIA TECHNOLOGY GROUP, INC., TIANFU LI, ALEXANDER CHEN, and SIMON ZHANG,<br><br>Defendants. | No. 2:11-cv-02647-R-JCG<br><br>**LEAD PLAINTIFF MOVANT W. THOMAS MAYNARD'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**<br><br>Date:   July 5, 2011<br>Time:  10:00 a.m.<br>Courtroom: 8<br>Judge:  Hon. Manuel L. Real |

| | |
|---|---|
| 1 | |
| 2 | GAIL KWOK, individually and on behalf of all others similarly situated, |
| 3 | Plaintiff, |
| 4 | vs. |
| 5 | NIVS INTELLIMEDIA |
| 6 | TECHNOLOGY GROUP, INC., TIANFU LI, SIMON ZHANG,  and |
| 7 | ALEXANDER CHEN, |
| 8 | Defendants. |

No. 2:11-cv-02716-R-JCG

IRA F/B/O EDWARD FRITSCHE, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

NIVS INTELLIMEDIA TECHNOLOGY GROUP, INC., TIANFU LI, ALEXANDER CHEN, SIMON ZHANG, RUXIANG NIU, MINGHUI ZHANG, GENGQIANG YANG, CHARLES MO, RODMAN & RENSHAW, LLC, and WESTPARK CAPITAL, INC,

Defendants.

No. 2:11-cv-03004-R-JCG

ALI ARAR, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

NIVS INTELLIMEDIA TECHNOLOGY GROUP, INC., TIANFU LI, ALEXANDER CHEN, and SIMON ZHANG.

Defendants.

No. 2:11-cv-03857-R-JCG

LEAD PLAINTIFF MOVANT W. THOMAS MAYNARD'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
NOS. 2:11-cv-02647-R-JCG, 2:11-cv-02716-R-JCG, 2:11-cv-03004-R-JCG, 2:11-cv-03857-R-JCG

1

# TABLE OF CONTENTS

2

I.      INTRODUCTION ............................................................................. 1

II.     FACTUAL BACKGROUND ........................................................... 2

        A.    These Actions Involve Identical Questions of Fact and Law .............. 2

        B.    Mr. Maynard Has Timely Moved for Lead Plaintiff Appointment ..... 3

III.    ARGUMENT .................................................................................. 3

        A.    The Related Actions Should Be Consolidated ................................... 3

        B.    The Court Should Appoint Mr. Maynard as Lead Plaintiff ................ 4

              1.    The PSLRA Provides a Three-Step Process for Lead Plaintiff Appointment ................................................................. 4

              2.    Mr. Maynard's Motion Is Timely .............................................. 4

              3.    Mr. Maynard Is the Presumptive Lead Plaintiff ....................... 4

              4.    Mr. Maynard Satisfies the Requirements of Rule 23 ................. 5

        C.    The Court Should Approve Mr. Maynard's Choice of Counsel .......... 7

IV.     CONCLUSION ............................................................................... 8

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i

1

## TABLE OF AUTHORITIES

2 **CASES**

3   *Armour v. Network Assocs,, Inc.*,
4       171 F. Supp. 2d 1044 (N.D. Cal. 2001)................................................ 5

    *Aronson v. McKesson HBOC, Inc.*,
5       79 F. Supp. 2d 1146 (N.D. Cal. 1999)................................................. 3

6   *Cunha v. Hansen Natural Corp.*, Nos. ED CV 08-1249-SGL (JCx) *et al.*,
        2009 U.S. Dist. LEXIS 61086 (C.D. Cal. July 13, 2009) ..................... 3
7
    *Glauser v. EVCI Career Colls. Holding Corp.*,
8       236 F.R.D. 184 (S.D.N.Y. 2006)..................................................... 5, 6

9   *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ....................... 5

10  *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002) .................................. 4

11  *In re Cendant Corp. Litig.*, 264 F.3d 201 (3d Cir. 2001) ....................... 5

12  *In re Equity Funding Corp. of Am. Sec. Litig.*,
        416 F. Supp. 161 (C.D. Cal. 1976)................................................. 3
13
    *In re N. Dist. of Cal. Dalkon Shield IUD Prods. Liab. Litig.*,
14      693 F.2d 847 (9th Cir. 1982)...................................................... 6

15  *Investors Research Co. v. U. S. Dist. Ct. for the Cent. Dist. of Cal.*,
        877 F.2d 777 (9th Cir. 1989)...................................................... 3
16
    *Karlin v. Alcatel*, No. SA CV 00-0214 DOC EE, 2001 WL 1301216
17      (C.D. Cal. Aug. 13, 2001) ........................................................ 7

18  *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d, 1129
        (C.D. Cal. 1999) .................................................................. 6
19
    *Tanne v. Autobytel, Inc.*,
20      226 F.R.D. 659 (C.D. Cal. 2005) .................................................. 5

21 **STATUTES**

22  15 U.S.C. § 78u-4 ..................................................................... *passim*

23 **RULES**

24  FED. R. CIV. P. 23 ..................................................................... *passim*

25  FED. R. CIV. P. 42..................................................................... 1, 3

26

27

28

ii

## I.     INTRODUCTION

The Court should grant Lead Plaintiff Movant W. Thomas Maynard's motion based on simple application of Federal Rule of Civil Procedure 42 and 15 U.S.C. § 78u-4.  Under Rule 42, the Court should consolidate the above-captioned putative class actions (collectively, the "Related Actions") against Defendant NIVS IntelliMedia Technology Group, Inc. ("NIVS") and its directors and officers, Defendants Tianfu Li, Alexandar Chen, and Simon Zhang (collectively, "Defendants") for three reasons.  First, all actions arise from the same events:  NIVS's dissemination of false and misleading statements regarding its financial condition between March 24, 2010 and March 25, 2011 (the "Class Period").  Second, all complaints allege identical claims under the Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").  Third, all complaints seek damages on behalf of NIVS shareholders caused by the artificially inflated prices of NIVS stock as a result of Defendants' misconduct.

Upon consolidation, the Court should apply the three-step process under Section 21D of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and appoint Mr. Maynard as lead plaintiff because:

- Mr. Maynard has timely made a motion for appointment as lead plaintiff;

- Mr. Maynard is the presumptive lead plaintiff since he has lost at least $51,719.20 as a result of Defendants' misrepresentations and, to the best of his knowledge, he has the largest financial interest in the relief sought by the Class; and

- Mr. Maynard meets the typicality and adequacy of representation requirements under Federal Rule of Civil Procedure 23.

*See* 15 U.S.C. § 78u-4.  Mr. Maynard's selection of the law firm of Chapin Fitzgerald Sullivan & Bottini LLP as lead counsel should be approved because the firm specializes in shareholder class action litigation, has a demonstrated record of success in litigating securities class actions, and is thus well-qualified to represent the Class.

1

## II.     FACTUAL BACKGROUND

### A.     These Actions Involve Identical Questions of Fact and Law

The complaints in the Related Actions contain nearly identical allegations. NIVS is a Delaware corporation with its principal executive officers in Guangdong Province, China.  During the Class Period, NIVS's filings with the Securities and Exchange Commission ("SEC") contained numerous false and misleading statements about NIVS's financial condition.  Specifically, Defendants failed to disclose that NIVS:

- had inaccurately recorded certain transactions;
- had discrepancies in its accounts receivables and other accounting records; and
- NIVS lacked adequate internal controls to prevent accounting irregularities.

As a result of these misrepresentations, NIVS stock traded at artificially inflated prices during the Class Period.  On March 24, 2011, the trading of NIVS stock was halted.  On March 25, 2011, NIVS announced that its board approved the dismissal of its auditor, MaloneBailey LLP.  MaloneBailey stated that it was "unable to rely on [NIVS] management's representations as they relate to previously issued financial statements and . . . could no longer support its audit opinion dated March 24, 2010, related to [its] audit of consolidated financial statements of [NIVS] . . . as of December 31, 2009, included in [NIVS's] annual report on Form 10-K."

As a result of these announcements, shareholders who purchased NIVS stock during the Class Period suffered damages.  The Related Actions followed, alleging two causes of action under the Exchange Act:  securities fraud in violation of Section 10(b) and control person liability under Section 20(a).

///

///

2

**B.    Mr. Maynard Has Timely Moved For Lead Plaintiff Appointment**

On March 29, 2011, a notice was published on Business Wire regarding the commencement of *Baksh*.  Declaration of Francis A. Bottini, Jr. ("Bottini Decl.") Ex. A.  In compliance with 15 U.S.C. § 78u-4(a)(3)(A)(1), Mr. Maynard moves for lead plaintiff appointment on May 31, 2011 – 60 days after the publication of that notice. *See* Bottini Decl. Ex. A at 1.

**III.   ARGUMENT**

**A.    The Related Actions Should Be Consolidated**

Consolidation is proper under Rule 42(a) when actions involve common questions of law or fact.  FED. R. CIV. P. 42(a); *see Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1150 (N.D. Cal. 1999).  Courts have broad discretion under Rule 42 to consolidate cases.  *Investors Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).  Exercising this discretion, courts have recognized that securities fraud class actions are ideally suited for consolidation under Rule 42(a) because these actions involve common parties and issues and because consolidation expedites pretrial and discovery proceedings, reduces duplication, and minimizes the costs and time expended by all persons involved.  *See In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976).

Here, the Related Actions arise from the same underlying events – NIVS's dissemination of false and misleading information regarding its financial condition during the Class Period.  All complaints allege the same causes of action against nearly identical defendants, including NIVS, Chen, Li, and Zhang.  As in *Aronson* and *Equity Funding*, consolidation is appropriate where, as here, resolution of these claims involves identical issues of law and fact.  *See* FED. R. CIV. P. 42(a); *see also Cunha v. Hansen Natural Corp.*, Nos. ED CV 08-1249-SGL (JCx) *et al.*, 2009 U.S. Dist. LEXIS 61086, at *1 (C.D. Cal. July 13, 2009).

**B.    The Court Should Appoint Mr. Maynard as Lead Plaintiff**

> **1.    The PSLRA Provides a Three-Step Process for Lead Plaintiff Appointment**

The PSLRA provides a rebuttable presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that:

(1)    has either filed the complaint or made a motion in response to a notice;

(2)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(3)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

> **2.    Mr. Maynard's Motion Is Timely**

According to the March 29, 2010 notice, the 60-day period in which Class members may move to be appointed lead plaintiff under 15 U.S.C. § 78u-4(a)(3)(A)(II) expires on May 31, 2010.  *See* Bottini Decl. Ex. A at 1.  Thus, Mr. Maynard's motion is timely.  In addition, Mr. Maynard has retained competent counsel to represent him and the Class.  *See* Bottini Decl. Ex. D.  Mr. Maynard thus satisfies the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have his application for appointment as lead plaintiff and approval of lead counsel considered by the Court.

> **3.    Mr. Maynard Is the Presumptive Lead Plaintiff**

The PSLRA requires the Court to appoint a "lead plaintiff" in securities class actions.  15 U.S.C. § 78u-4(a)(3)(B)(i).  The "lead plaintiff" is "the member or members of the purported plaintiff class that the [C]ourt determines to be most capable of adequately representing the interests of class members."  *Id.*  To identify the presumptive "most adequate plaintiff," the Court must first determine which

1   member or group of members of the class has the largest alleged loss.  15 U.S.C. §
2   78u-4(a)(3)(B)(iii)(I)(bb); *see In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

3       As demonstrated in Mr. Maynard's certification, he purchased 21,000 shares of
4   NIVS common stock during the Class Period.  *See* Bottini Decl. Ex. B at 2.  As a
5   result of these purchases, Mr. Maynard suffered approximately $51,719.20 in
6   damages.  Bottini Decl. Ex. C.  To the best of his knowledge, Mr. Maynard does not
7   know of another NIVS shareholder who is seeking lead plaintiff appointment and who
8   has suffered a higher amount of damages.  Thus, Mr. Maynard is qualified to become
9   the presumptive most adequate plaintiff.  *See Cavanaugh*, 306 F.3d at 730.

10      **4.    Mr. Maynard Satisfies the Requirements of Rule 23**

11      The PSLRA requires that lead plaintiffs, in addition to having the largest
12  financial interest, must "satisf[y] the requirements of Rule 23 of the Federal Rules of
13  Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(1)(cc).  Rule 23(a) requires that:
14  (1) the class be so numerous that joinder of all members is impracticable; (2) there be
15  questions of law or fact common to the class; (3) such claims be typical of those of the
16  class; and (4) the representatives fairly and adequately protect the interests of the
17  class.  FED. R. CIV. P. 23(a).  In deciding a lead plaintiff motion, courts limit their
18  inquiry to the typicality and adequacy prongs of Rule 23(a).  *Tanne v. Autobytel, Inc.*,
19  226 F.R.D. 659, 666 (C.D. Cal. 2005) (citing *In re Cendant Corp. Litig.*, 264 F.3d
20  201, 263 (3d Cir. 2001)); *Armour v. Network Assocs., Inc.*, 171 F. Supp. 2d 1044,
21  1051 (N.D. Cal. 2001).

22      "The typicality requirement of Rule 23(a)(3) is satisfied when the named
23  plaintiffs have (1) suffered the same injuries as the absent class members, (2) as a
24  result of the same course of conduct, and (3) their claims are based on the same legal
25  issues."  *Armour*, 171 F. Supp. 2d at 1052.  This does not require that the
26  representative claims be substantially identical to absent class members' claims; it

27

28
5
LEAD PLAINTIFF MOVANT W. THOMAS MAYNARD'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF HIS MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD
PLAINTIFF, AND APPROVAL OF LEAD COUNSEL, NOS. 2:11-cv-02647-R-JCG, 2:11-cv-02716-R-JCG,
2:11-cv-03004-R-JCG, 2:11-cv-03857-R-JCG

1  only requires that the claims are "reasonably co-extensive with those of absent class

2  members." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).  Thus,

3  courts have repeatedly held that typicality is satisfied in securities class actions when

4  the class representative, like all other class members, suffered damages as a result of

5  purchasing the subject stock during the relevant time period at prices that were

6  artificially inflated by defendants' alleged false and misleading statements. *See*, *e.g.*,

7  *Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 189 (S.D.N.Y. 2006).

8        Mr. Maynard's claims are typical of those of other Class members.   He

9  purchased NIVS stock during the Class Period at prices artificially inflated by

10  Defendants' misrepresentations and omissions.   Like other Class members, Mr.

11  Maynard suffered significant damages as a result of his purchases of NIVS stock.

12  These shared claims satisfy Rule 23(a)(3)'s typicality requirement because they are

13  based on the same legal theory and arise from the same events and course of conduct

14  as the Class claims.

15        The adequacy of representation requirement of Rule 23(a)(4) is satisfied when

16  counsel for the class is competent, the representative's interests are not antagonistic to

17  those of the absent class members, and it is unlikely that the action is collusive.

18  *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129 (C.D. Cal. 1999) (citing *In re*

19  *N. Dist. of Cal. Dalkon Shield IUD Prods. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir.

20  1982)).  Here, Mr. Maynard is an adequate representative of the Class for two reasons.

21  First, Mr. Maynard's interests are clearly aligned with the interests of the members of

22  the Class because, like other Class members, he paid artificially inflated prices for

23  NIVS stock due to Defendants' materially false and misleading statements.  There is

24  no antagonism between Mr. Maynard's interests and those of the putative class.

25  Second, Mr. Maynard has taken significant steps that demonstrate his willingness and

26  ability to protect the interests of the Class:  (1) he has executed a sworn certification

27

28

LEAD PLAINTIFF MOVANT W. THOMAS MAYNARD'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF HIS MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD
PLAINTIFF, AND APPROVAL OF LEAD COUNSEL, NOS. 2:11-cv-02647-R-JCG; 2:11-cv-02716-R-JCG,
2:11-cv-03004-R-JCG, 2:11-cv-03857-R-JCG

1    detailing his Class Period transactions; (2) he has timely moved this Court for

2    appointment as lead plaintiff; and (3) he has retained competent and experienced

3    counsel to prosecute these claims.  As discussed below, Mr. Maynard's proposed

4    counsel is highly qualified, experienced, and able to conduct this complex litigation in

5    a professional manner.  *See* Bottini Decl. Ex. D.  Thus, Mr. Maynard satisfies the

6    typicality and adequacy requirements of Rule 23 for the purposes of this motion.

7        **C.    The Court Should Approve Mr. Maynard's Choice of Counsel**

8            The PSLRA provides that the lead plaintiff shall, subject to court approval,

9    select and retain lead counsel.  15 U.S.C. § 78u-4(a)(3)(B)(v).  A court should not

10   disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests

11   of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  Mr. Maynard has selected the

12   law firm of Chapin Fitzgerald Sullivan & Bottini LLP as Lead Counsel.  The attorneys

13   at Chapin Fitzgerald have substantial experience in prosecuting securities class

14   actions.  *See* Bottini Decl. Ex. D.  Indeed, Mr. Bottini, one of the firm's partners, has

15   litigated many securities class actions in this District, including a securities class

16   action that settled for $10.5 million on the eve of trial (the Friday before jury selection

17   was set to commence).  *See Karlin v. Alcatel*, No. SA CV 00-0214 DOC EE, 2001

18   WL 1301216, at *1 (C.D. Cal. Aug. 13, 2001) (denying defendants' motion for

19   summary judgment).[1]  Therefore, the Court should approve Mr. Maynard's selection

20   of counsel.

21   ///

22   ///

23   ///

24

25   ───────────────

26       [1] At the time, Mr. Bottini was a partner at Wolf Haldenstein Adler Freeman &
     Herz LLP, co-lead counsel for plaintiffs.

27

28   ─────────────────────────────────────────────
     LEAD PLAINTIFF MOVANT W. THOMAS MAYNARD'S MEMORANDUM OF POINTS AND
     AUTHORITIES IN SUPPORT OF HIS MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD
     PLAINTIFF, AND APPROVAL OF LEAD COUNSEL, NOS. 2:11-cv-02647-R-JCG, 2:11-cv-02716-R-JCG,
     2:11-cv-03004-R-JCG, 2:11-cv-03857-R-JCG

## IV.   CONCLUSION

For reasons set forth above, Mr. Maynard respectfully requests that the Court (1) consolidate the related actions; (2) appoint him as Lead Plaintiff and (3) approve his selection of Chapin Fitzgerald Sullivan & Bottini, LLP as Lead Counsel for the Class.

DATED:  May 31, 2011

CHAPIN FITZGERALD
   SULLIVAN & BOTTINI, LLP
EDWARD D. CHAPIN (053287)
FRANCIS A. BOTTINI, JR. (175783)
DOUGLAS J. BROWN (248673)

*s/ Francis A. Bottini, Jr.*

FRANCIS A. BOTTINI, JR.

550 West C Street, Suite 2000
San Diego, CA 92101
Telephone: (619) 241-4810
Facsimile: (619) 955-5318

*Counsel for Lead Plaintiff Movant*
*W. Thomas Maynard's and Proposed*
*Lead Counsel for the Class*

8