ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
BRIAN O. O'MARA (229737)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
bomara@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AWAAZ BAKSH, Individually and on Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>NIVS INTELLIMEDIA TECHNOLOGY GROUP, INC., et al., )<br><br>Defendants. ) | No. 2:11-cv-02647-R-JCG<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN SUPPORT OF JEFFREY HAMMEL'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL<br><br>DATE:       Tuesday, July 5, 2011<br>TIME:       10:00 a.m.<br>CTRM:      8<br>JUDGE:     Hon. Manuel L. Real |

627353_1

1  Class member Jeffrey Hammel respectfully submits this memorandum in
2  support of his motion for: (i) consolidation; (ii) appointment as lead plaintiff pursuant
3  to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-
4  4; and (iii) approval of his selection of Robbins Geller Rudman & Dowd LLP
5  ("Robbins Geller") as lead counsel for the class.

6  ## I. INTRODUCTION

7  Currently pending this district are four securities class action lawsuits (the
8  "Related Actions") brought on behalf of all purchasers of NIVS Intellimedia
9  Technology Group, Inc. ("NIVS" or the "Company") securities between March 24,
10 2010 through March 25, 2011, inclusive (the "Class Period"), including purchasers of
11 NIVS securities in the Company's April 2010 public offering, against NIVS and
12 certain of its officers and/or directors for violations of the Securities Act of 1933 (the
13 "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act"):[1]

| Abbreviated Case Name | Case No. | Date Filed |
|---|---|---|
| *Baksh v. NIVS Intellimedia Tech. Group, Inc., et al.* | 11-cv-02647 | 3/29/11 |
| *Kwok v. NIVS Intellimedia Tech. Group, Inc., et al.* | 11-cv-02716 | 3/31/11 |
| *Fritische v. NIVS Intellimedia Tech. Group, Inc., et al.* | 11-cv-03004 | 4/8/11 |
| *Arar v. NIVS Intellimedia Tech. Group, Inc., et al.* | 11-cv-03857 | 5/4/11 |

The PSLRA requires district courts to resolve consolidation prior to appointing
a lead plaintiff in securities cases such as this. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).[2]

---

[1]  A similar action against NIVS and certain of its officers and directors was filed
in the U.S. District Court for the Southern District of New York on April 12, 2011.
*See Schuler v. NIVS Intellimedia Tech. Group, Inc., et al.*, No. 11-cv-02484-JGK
(S.D.N.Y.). Mr. Hammel is also filing a motion for appointment as lead plaintiff in
the *Schuler* action. The Related Actions and the *Schuler* action should ultimately be
consolidated.

[2]  The Related Actions are brought pursuant to §§11, 12(a)(2) and 15 of the
Securities Act (15 U.S.C. §§77k and 77o), and §§10(b) and 20(a) of the Exchange Act

627353_1

1   Here, the Related Actions should be consolidated because they each involve
2   substantially similar issues of law and fact.  *See* Fed. R. Civ. P. 42(a).

3          Pursuant to the PSLRA, and as soon as practicable after its decision on
4   consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff for
5   the consolidated actions."  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the
6   member of the purported plaintiff class that the court determines to be "most capable
7   of adequately representing the interests of class members."   15 U.S.C. §78u-
8   4(a)(3)(B)(i).  Mr. Hammel should be appointed lead plaintiff because he: (1) timely
9   filed his motion; (2) to his counsel's knowledge, possesses the largest financial
10  interest in the relief sought by the class; and (3) will fairly and adequately represent
11  the interests of the class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Mr.
12  Hammel's selection of Robbins Geller as lead counsel for the class should be
13  approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

14  **II.     STATEMENT OF FACTS**

15         NIVS is an integrated consumer electronics company that designs,
16  manufactures, markets and sells intelligent audio and video products and mobile
17  phones in China, Greater Asia, Europe and North America.

18         During the Class Period, defendants issued materially false and misleading
19  statements regarding the Company's business and financial results.  Specifically, the
20  Company's financial statements were in violation of Generally Accepted Accounting
21  Principles ("GAAP").  As a result of defendants' false statements, NIVS's stock
22  traded at artificially inflated prices during the Class Period, reaching a high of $3.92
23  per share on March 29, 2010.

24  _____

25  (15 U.S.C. §§78j(b) and 78t(a)), and Securities and Exchange Commission ("SEC")
26  Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).  The PSLRA's lead
    plaintiff provisions are identical for both the Securities Act (15 U.S.C. §77z-1, *et seq.*)
27  and the Exchange Act (15 U.S.C. §78u-4, *et seq.*).  For convenience, all citations are
    to the Exchange Act's lead plaintiff provisions.  *See* 15 U.S.C. §78u-4, *et seq.*

28

- 2 -

627353_1

1        On March 24, 2011, NYSE Regulation, Inc., a subsidiary of NYSE Euronext

2    (the holding company that owns and operates the American Stock Exchange),

3    unexpectedly announced that it was implementing a trading halt in the common stock

4    of NIVS and evaluating both the need for certain public disclosures and the overall

5    suitability for continued listing of the Company's common stock.

6        On March 25, 2011, the Company filed a Form 8-K with the SEC that disclosed

7    that the Audit Committee of the Board of Directors had approved the dismissal of

8    NIVS's independent auditor, MaloneBailey LLP ("MaloneBailey").  Further, the

9    Company indicated that on March 23, 2011, MaloneBailey had provided a letter to the

10   Audit Committee advising that it had encountered issues and concerns that, in its

11   view, required additional information and procedures, including the initiation of an

12   independent investigation, in order to verify the accuracy of certain transactions and

13   balances recorded on the Company's financial statements and records.  Moreover,

14   MaloneBailey informed the Company in a letter of resignation that it was "unable to

15   rely on management's representations as they relate to previously issued financial

16   statements and it could no longer support its audit opinion dated March 24, 2010,

17   related to its audit of consolidated financial statements of the Company and its

18   subsidiaries as of December 31, 2009, included in the Company's annual report on

19   Form 10-K for the fiscal year ended December 31, 2009."  According to the

20   Company, MaloneBailey "based its resignation on what it characterized [as] illegal

21   acts involving the Company's accounting records and bank statements and

22   discrepancies in accounts receivable."

23       During the Class Period, defendants made false and/or misleading statements

24   and failed to disclose material adverse facts about the Company's business,

25   operations, and prospects, including that: (i) the Company had inaccurately recorded

26   certain transactions; (ii) there were discrepancies in the Company's accounts

27   receivables; (iii) the Company was engaged in illegal acts involving the Company's

28   accounting records and bank statements; (iv) as a result, the Company's financial

- 3 -

627353_1

1   results were not prepared in accordance with GAAP; (v) the Company lacked

2   adequate internal controls; and (vi) as a result of the foregoing, the Company's

3   financial results were false and misleading at all relevant times.

4       As a result of defendants' wrongful acts and omissions, and the precipitous

5   decline in the market value of the Company's common stock, plaintiff and other class

6   members have suffered significant losses and damages.

7   **III.   ARGUMENT**

8       **A.   The Related Actions Should Be Consolidated**

9       When "actions before the court involve a common question of law or fact, the

10  court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). Here, the four Related

11  Actions allege claims on behalf of purchasers of NIVS securities for violations of the

12  federal securities laws during the Class Period. The defendants, Class Periods, factual

13  allegations, and claims are nearly identical. As such, "[c]onsolidating these cases for

14  all purposes will be the most efficient solution for the court, and will ease the

15  litigation burden on all parties involved." *Takeda v. Turbodyne Techs., Inc.*, 67 F.

16  Supp. 2d 1129, 1133 (C.D. Cal. 1999).

17      **B.   Mr. Hammel Should Be Appointed Lead Plaintiff**

18      The PSLRA establishes a procedure for the appointment of a lead plaintiff in

19  "each private action arising under [the Exchange Act] that is brought as a plaintiff

20  class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-

21  4(a)(1). First, the pendency of the action must be publicized in a widely circulated

22  national business-oriented publication or wire service not later than twenty days after

23  filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides

24  that the Court shall adopt a presumption that the most adequate plaintiff is the person

25  or group of persons that –

26          (aa) has either filed the complaint or made a motion in response to

27      a notice . . .;

28

- 4 -

627353_1

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).   Mr. Hammel meets each of these requirements and should therefore be appointed as lead plaintiff.

### 1.      Mr. Hammel Has Timely Filed His Motion

The March 29, 2011 notice published in this action advised class members of the action's pendency, the alleged claims, the proposed class period, and the option of moving the Court to be appointed as lead plaintiff within 60 days of March 29, 2011, or May 31, 2011.[3]   *See* Declaration of Brian O. O'Mara in Support of Jeffrey Hammel's Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel ("O'Mara Decl."), Ex. A.   This Motion is therefore timely filed and Mr. Hammel is entitled to be considered for appointment as lead plaintiff.

### 2.      Mr. Hammel Possesses the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Mr. Hammel lost $434,300 as a result of defendants' misconduct.   *See* O'Mara Decl., Exs. B, C.   To the best of his counsel's knowledge, there are no other applicants seeking appointment as lead plaintiff who have a larger financial interest.   As such, Mr. Hammel satisfies the PSLRA's largest financial interest requirement.

---

[3]      Sixty days from March 29, 2011, is Saturday, May 28, 2011, and because Monday, May 30, 2011, was Memorial Day, a legal holiday, the proper date of filing is Tuesday, May 31, 2011.   *See* Fed. R. Civ. P. 6(a)(3)(A); *see also* Fed. R. Civ. P. 6(a)(6)(A).

627353_1

### 3.   Mr. Hammel Satisfies Rule 23 of the Federal Rules of Civil Procedure

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage). The test of typicality "'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced and generally able to conduct the litigation. Fed. R. Civ. P. 23(a)(4); *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Mr. Hammel satisfies these requirements at this stage of the litigation.

Mr. Hammel submitted a sworn certification confirming his desire, willingness and ability to serve as lead plaintiff. *See* O'Mara Decl., Ex. B. Like all class members, Mr. Hammel purchased NIVS securities during the Class Period at allegedly inflated prices and suffered damages as a result. *See* O'Mara Decl., Ex. C. Mr. Hammel's $434,300 loss further indicates that he has the incentive to represent the claims of the class vigorously. *Id.* Moreover, Mr. Hammel is not subject to unique defenses and is not aware of any conflicts between his claims and those asserted by the class. Finally, as discussed below, Mr. Hammel selected qualified counsel experienced in securities litigation.

627353_1

1    Mr. Hammel's common interests shared with the class, his significant losses

2    suffered as a result of defendants' misconduct and his selection of qualified counsel

3    demonstrates his satisfaction of the Rule 23 requirements at this stage.

4    ### C.    The Court Should Approve Mr. Hammel's Selection of Counsel

5    The PSLRA vests authority in the lead plaintiff to select and retain lead counsel,

6    subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  This Court should

7    not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the

8    interests of the class."   15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also Cavanaugh*,

9    306 F.3d at 732-33; *Cohen v. United States Dist. Ct. for the N. Dist.*, 586 F.3d 703

10   (9th Cir. 2009).  Mr. Hammel selected Robbins Geller as his counsel in this case.

11   Robbins Geller, a 180-lawyer firm with offices nationwide, is actively engaged

12   in complex litigation, particularly securities litigation.   *See* O'Mara Decl., Ex. D.

13   District courts throughout the country, including this Court, have noted Robbins

14   Geller's reputation for excellence, which has resulted in the appointment of Robbins

15   Geller attorneys to lead roles in hundreds of complex class action securities cases.

16   *See, e.g., In re Cooper Cos. Sec. Litig.*, 254 F.R.D. 628, 636 (C.D. Cal. 2009) (Carney,

17   J.) (noting that it was "undisputable" that Robbins Geller lawyers have "extensive

18   experience prosecuting suits of this nature"); *In re Enron Corp. Sec.*, 586 F. Supp. 2d

19   732, 797 (S.D. Tex. 2008) (Harmon, J.) (commenting that the "experience, ability, and

20   reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most

21   successful law firms in securities class actions, if not the preeminent one, in the

22   country").

23   As such, the Court may be assured that in the event this Motion is granted, the

24   members of the class will receive the highest caliber of legal representation available

25   from Robbins Geller.  Accordingly, Mr. Hammel's selection of counsel should be

26   approved.

27

28

627353_1

IV.    **CONCLUSION**

The four Related Actions before the Court are virtually identical and should be consolidated.    In addition, Mr. Hammel has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, Mr. Hammel respectfully requests that the Court appoint him Lead Plaintiff and approve his selection of counsel.

DATED:  May 31, 2011                          Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
DARREN J. ROBBINS
BRIAN O. O'MARA


            s/BRIAN O. O'MARA
            BRIAN O. O'MARA

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

1                    <u>CERTIFICATE OF SERVICE</u>

2       I hereby certify that on May 31, 2011, I authorized the electronic filing of the

3 foregoing with the Clerk of the Court using the CM/ECF system which will send

4 notification of such filing to the e-mail addresses denoted on the attached Electronic

5 Mail Notice List, and I hereby certify that I caused to be mailed the foregoing

6 document or paper via the United States Postal Service to the non-CM/ECF

7 participants indicated on the attached Manual Notice List.

8       I certify under penalty of perjury under the laws of the United States of America

9 that the foregoing is true and correct.  Executed on May 31, 2011.

10                               <u>s/ BRIAN O. O'MARA</u>
                                  BRIAN O. O'MARA

11

12                               ROBBINS GELLER RUDMAN
                                          & DOWD LLP

13                               655 West Broadway, Suite 1900
                              San Diego, CA  92101-3301

14                               Telephone:  619/231-1058
                              619/231-7423 (fax)

15                               E-mail:      bo'omara@rgrdlaw.com

16

17

18

19

20

21

22

23

24

25

26

27

28

## Mailing Information for a Case 2:11-cv-02647-R -JCG

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Lionel Zevi Glancy**
  lglancy@glancylaw.com

- **Michael Marc Goldberg**
  mmgoldberg@glancylaw.com,dmacdiarmid@glancylaw.com,asohrn@glancylaw.com,info@glancylaw.com,rprongay@glancylaw.com,lglancy@glancylaw.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com

- **Howard G Smith**
  legul2010@aol.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)