1 | **GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy (#134180)
2 | Michael Goldberg (#188669)
Robert V. Prongay (#270796)
3 | 1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
4 | Telephone: (310) 201-9150
Facsimile: (310) 201-9160
5 | E-mail: info@glancylaw.com

6 | **SAXENA WHITE P.A.**
Joseph E. White, III
7 | Lester R. Hooker (SBA 241590)
2424 N. Federal Hwy, Suite 257
8 | Boca Raton, FL 33431
Tel: (561) 394-3399
9 | Fax: (561) 394-3382

10 | *Proposed Lead and Local Counsel for Movant*
*Allan Lyons and the Class*
11 |

12 |
13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

FILED
CLERK, U.S. DISTRICT COURT

MAY 3 1 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

AWAAZ BAKSH, Individually and
On Behalf of All Others Similarly
Situated,

Plaintiff,

vs.

NIVS INTELLIMEDIA
TECHNOLOGY GROUP, INC., et
al.,

Defendants.

Case No. 2:11-CV-2647-R-JCG

CLASS ACTION

**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
ALLAN LYONS' MOTION FOR: (1)
CONSOLIDATION; (2)
APPOINTMENT OF LEAD
PLAINTIFF; AND (3) APPROVAL
OF LEAD AND LOCAL COUNSEL**

| | |
|---|---|
| 1    GAIL KWOK, Individually and On Behalf of All Others Similarly 2    Situated, ) ) ) | Case No. 2:11-CV-2716-R-JCG |
| 3    Plaintiff, ) | CLASS ACTION |

GAIL KWOK, Individually and On
Behalf of All Others Similarly
Situated,

          Plaintiff,

vs.

NIVS INTELLIMEDIA
TECHNOLOGY GROUP, INC., et
al.,

          Defendants.

Case No. 2:11-CV-2716-R-JCG

CLASS ACTION

---

IRA F/B/O/ EDWARD FRITSCHE,
Individually and On Behalf of All
Others Similarly Situated,

          Plaintiff,

vs.

NIVS INTELLIMEDIA
TECHNOLOGY GROUP, INC., et
al.,

          Defendants.

Case No. 2:11-CV-3004-R-JCG

CLASS ACTION

---

ALI ARAR, Individually and On
Behalf of All Others Similarly
Situated,

          Plaintiff,

vs.

NIVS INTELLIMEDIA
TECHNOLOGY GROUP, INC., et
al.,

          Defendants.

Case No. 2:11-CV-3857-R-JCG

CLASS ACTION

Date: July 5, 2011

Time: 10:00 AM

Courtroom: 8

ii

# Table of Contents

Table of Authorities ............................................................................................... iv

I.  INTRODUCTION ....................................................................................... 1

II.  PRELIMINARY STATEMENT ................................................................ 1

III.  STATEMENT OF FACTS ......................................................................... 3

IV.  ARGUMENT............................................................................................... 5

    A.  The Court Should Consolidate the Related Actions............................. 5

    B.  Movant Should Be Appointed Lead Plaintiff....................................... 7

        i.  The Procedural Requirements Pursuant To The PSLRA........... 7

        ii.  Movant Is "The Most Adequate Plaintiff" ................................ 8

            1.  Movant's Motion is Timely ............................................ 8

            2.  Movant Has the Largest Financial Interest In The Litigation....................................................................... 8

            3.  Movant Otherwise Satisfies Rule 23 ............................. 9

                a.  Movant's Claims Are Typical of Class Claims.................................................................. 10

                b.  Movant Will Fairly and Adequately Protect the Interests of the Class...................................... 11

    C.  Movant's Choice of Lead and Local Counsel Should Be Approved. 12

V.  CONCLUSION .......................................................................................... 16

## Table of Authorities

**Cases**

*Central Laborers' Pension Fund v. SIRVA, Inc., et. al.,*
No. 04 CV-07644 (N.D. Ill. November 2, 2007)..................................... 14

*In re Bank of America Corp. Securities, Derivative and ERISA Litigation,*
No. 09-MD-2058 (S.D.N.Y.) ................................................................. 15

*In re Cavanaugh,*
306 F.3d 726, 730 (9th Cir. 2002) ................................................... 10, 12

*In re Freidman's Sec. Litig.,*
1:03-CV-3475-WSD (N.D. Ga. Feb. 5, 2009)...................................... 14

*In re Merrill Lynch & Co., Inc. Securities, Derivative and ERISA Litig.,*
4:07 Civ. 9633 (JSR) (S.D.N.Y. Jan. 20, 2009)................................... 14

*In re Surebeam Corp. Sec. Litig.,*
2004 WL 5159061 (S.D. Cal. 2004)............................................... 10, 11

*In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.,*
122 F.R.D. 251, 257 (C.D. Cal. 1998).................................................. 11

*Klien v. FPL Group, Inc.,*
Case No. 02-20170-civ-Gold (S.D. Fla. Nov. 23, 2004)....................... 15

*Lee P. Rosky v. Todd S. Farha, et al.,*
No. 8:07-cv-1952-VMC-MAP (Consolidated)
(M.D.Fla. Filed Nov. 7, 2007) ............................................................. 15

*Schwartz v. Harp,*
108 F.R.D. 279, 282 (C.D. Cal. 1985)................................................. 11

*Stackhouse v. Toyota Motor Co.,*
2010 WL 3377409, at *2 (C.D.Cal. July 16, 2010)................................9

*Tanne v. Autobytel, Inc.,*
226 F.R.D. 659, 666 (C.D.Cal. 2005) ....................................................9

*Yanek v. Staar Surgical Co.,*
2004 WL 5574358, at **3-4 (C.D.Cal. 2004) ..................................... 6, 7

**Statutes**

15 U.S.C. §78u-4(a)(1)                                                              7, 8, 9

15 U.S.C. §78u-4(a)(3)(A)(i)                                                    7, 9, 10, 12

Fed. R. Civ. P. 42(a)                                                                          6, 7

CASE NO. 2:11-CV-2647
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ALLAN LYONS'
MOTION FOR: (1) CONSOLIDATION, (2) APPOINTMENT OF LEAD PLAINTIFF, AND
(3) APPROVAL OF LEAD AND LOCAL COUNSEL

## I. INTRODUCTION

Class member Allan Lyons ("Lyons" or "Movant") respectfully submits this Memorandum of Points and Authorities in support of his motion for: (1) consolidation, (2) appointment as Lead Plaintiff in the above-referenced action pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4, and (3) approval of his selection of the law firms of Saxena White P.A. ("Saxena White") as Lead Counsel and Glancy Binkow & Goldberg LLP ("GB&G") as Local Counsel, pursuant to the PSLRA.

Movant, as set forth in the accompanying certification[1] incorporated by reference herein, purchased securities of NIVS IntelliMedia Technology Group, Inc. ("IntelliMedia") between March 24, 2010 and March 25, 2011, inclusive (the "Class Period"), at prices artificially inflated as a result of Defendants' violations of the federal securities laws. As demonstrated herein, Movant incurred substantial losses[2] in connection with his transactions in IntelliMedia securities during the Class Period, and he will fairly and adequately represent the Class in his prosecution of this litigation.

## II. PRELIMINARY STATEMENT

On March 29, 2011, Awaaz Baksh ("Baksh") commenced a securities class action in the U.S. District Court in the Central District of California, captioned *Baksh v. NIVS IntelliMedia Technology Group, Inc., et al*, Case No. 2:11-cv-2647 (the *"Baksh* Action"), on behalf of all persons who purchased or otherwise

---

[1] Movant's transactions in IntelliMedia securities during the Class Period are set forth in Mr. Lyons Certification, which is attached as Exhibit B to the Declaration of Michael Goldberg (the "Goldberg Decl.").

[2] A chart setting forth Movant's losses is attached as Exhibit C to the Goldberg Decl.

acquired IntelliMedia securities during the Class Period, and against IntelliMedia and certain officers or directors of the Company (the "Individual Defendants" and, collectively, "Defendants") for violations of Sections 10(b) and 20(a) of the Exchange Act, as amended by the PSLRA, and Rule 10b-5 promulgated thereunder.

Subsequently, three similar actions were filed in the U.S. District Court in the Central District of California: (i) *Gail Kwok v. NIVS IntelliMedia Technology Group, Inc., et al.*, Case No. 2:11-cv-2716 (Filed on March 31, 2011); (ii) *IRA F/B/O/ Edward Fritsche v. NIVS IntelliMedia Technology Group, Inc.*, et al., Case No. 2:11-cv-3004 (Filed on April 8, 2011); and, (iii) *Ali Arar v. NIVS IntelliMedia Technology Group, Inc., et al.*, Case No. 2:11-cv-3857 (Filed on May 4, 2011). These actions alleged the same or similar allegations against the Defendants during the Class Period as the *Baksh* Action.  In addition, the *Fritsche* action contained allegations brought pursuant to the Securities Act of 1933.

On April 8, 2011, Baksh published a notice to class members on *Globe Newswire*, as required by the PSLRA (the "Notice").  The Notice advised those who purchased or otherwise acquired IntelliMedia common stock during the Class Period of the existence of a lawsuit against the Defendants and that Defendants allegedly failed to disclose that: (1) the Company had inaccurately recorded certain transactions; (2) there were discrepancies in the Company's accounts receivables; (3) the Company was engaged in improper acts involving the Company's accounting records and bank statements; (4) as a result, the Company's financial results were not prepared in accordance with Generally Accepted Accounting Principles; (5) the Company lacked adequate controls; and (6) as a result of the foregoing, the Company's financial results were false and misleading at all relevant times. The Notice further advised class members of their right to move the

Court to be appointed Lead Plaintiff within 60 days of the date of publication of the Notice, or by May 31, 2011.[3]

Pursuant to the PSLRA, this Court should appoint as Lead Plaintiff the movant or group of movants that has demonstrated the "largest financial interest in the litigation" and also meet the typicality and adequacy prongs of Fed. R. Civ. P. 23. *See* 15 U.S.C. 78u-4(a)(3)(B)(iii). Mr. Lyons suffered estimated losses of $1,305,275.54. To the best of his knowledge, Movant's losses represent the largest known financial interest of any Class member seeking to be appointed as lead plaintiff. Movant is not aware of any other class member that has filed an action or filed an application for appointment as lead plaintiff that has sustained greater financial losses. In addition, Movant satisfies each of the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and, therefore, is qualified for appointment as Lead Plaintiff in the Action. Thus, as demonstrated herein, Movant is the presumptive "most adequate plaintiff" and should be appointed Lead Plaintiff.

## III. STATEMENT OF FACTS[4]

IntelliMedia is a corporation incorporated under the laws of Delaware, with executive offices located at NIVS Industry Park, No. 29-31; Shuikou Road, Huizhou, Guangdong, People's Republic of China, 516006. ¶12. IntelliMedia is engaged in the design, manufacture, marketing, and sale of consumer electronic

---

[3] The Notice incorrectly stated that the deadline to move for appointment as Lead Plaintiff was May 30th, 2011, but as May 30th is Memorial Day, a Court Observed Holiday, the lead plaintiff deadline is actually the following day on May 31, 2011. A true and correct copy of the Notice is attached to the Goldberg Decl. as Exhibit A.

[4] These facts were derived from the allegations contained in the class action styled as *IRA F/B/O/ Edward Fritsche v. NIVS IntelliMedia Technology Group, Inc.*, Case No. 2:11-cv-3004 (Filed on April 8, 2011), filed by the law firm of Saxena White, P.A.

CASE NO. 2:11-CV-2647
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ALLAN LYONS'
MOTION FOR: (1) CONSOLIDATION, (2) APPOINTMENT OF LEAD PLAINTIFF, AND
(3) APPROVAL OF LEAD AND LOCAL COUNSEL

products. These products consist mainly of audio and video products, digital audio systems, televisions, digital video broadcasting set-top boxes, DVD players, and audio/video peripheral and accessory products. ¶61. IntelliMedia was also granted a license to manufacture mobile phones in September 2009 by the Ministry of Industry and Information Technology in China. The Company's phones come equipped with e-mail, multimedia messaging, touchscreen, and PDA functionality. ¶65. IntelliMedia distributes its products through a well-established network of distributors and resellers, which allows the Company to penetrate customer markets worldwide. ¶69.

The *Fritsche* complaint alleges that Defendants are strictly liable, pursuant to the Securities Act of 1933, for material misstatements in the Offering Documents for the secondary public stock offering (the "SPO") that took place on or around April 20, 2010. ¶2. The SPO provided net aggregate proceeds to the Company of approximately $21.9 million, after deduction of underwriting discounts and commissions payable by the Company. ¶26. The *Fritsche* complaint alleges that the statements in the Offering Documents were materially false and failed to disclose: (1) the extent of the accounting fraud and irregularities present in the Company's financial statements and SEC filings; (2) that as a result, the Company's financial results were materially inflated at all relevant times; (3) that the Company's financial statements were not prepared in accordance with Generally Accepted Accounting Principles ("GAAP"); and (4) that the Company lacked adequate internal and financial controls. ¶29.

The *Fritsche* complaint also alleges that Defendants' statements and filings during the Class Period were materially false and misleading pursuant to the Securities Exchange Act of 1934, because they failed to disclose and misrepresented: (1) that the Company had inaccurately recorded certain

transactions disclosed to investors in public filings; (2) that the Company's accounts receivable figures were inaccurate and inconsistent; (3) that the Company had engaged in illegal activities in regards to IntelliMedia's bank statements and accounting records; (4) that the Company lacked adequate and necessary internal controls, and as a result multiple accounting and financial irregularities had occurred; (5) that the Company's financial results were not prepared in accordance with GAAP; and, (6) as a result the Company's financial statements were false and misleading at all relevant times. ¶86.

## IV. ARGUMENT

As discussed below, the Court should consolidate the above-captioned related actions (the "Related Actions") given the similarity of the actions, and to ensure orderly prosecution of claims brought against Defendants. Moreover, Lyons satisfies each of the three requirements set forth in the PSLRA and is qualified for appointment as Lead Plaintiff for the Class. Lastly, Movant also seeks approval by this Court of his selections of Lead and Local Counsel for the Class.

### A. The Court Should Consolidate the Related Actions

Movant seeks consolidation of the following related securities class actions filed in this Court:

| Case Name | Case No. | Filing Date |
| --- | --- | --- |
| *Awaaz Baksh v. NIVS IntelliMedia Tech. Group, Inc., et al.* | 2:11-cv-2647 | 3/29/2011 |
| *Gail Kwok v. NIVS IntelliMedia Tech. Group, Inc. et al.* | 2:11-cv-2716 | 3/31/2011 |
| *IRA F/B/O/ Edward Fritsche v. NIVS IntelliMedia Tech. Group, Inc., et al.* | 2:11-cv-3004 | 4/8/2011 |
| *Ali Arar v. NIVS IntelliMedia Tech. Group, Inc. et al.* | 2:11-cv-3857 | 5/4/2011 |

To Movant's knowledge, there are no other class actions brought pursuant to the federal securities laws (other than those listed above) against Defendants pending in this Court.

The consolidation of actions in federal court is governed by Rule 42 of the Federal Rules of Civil Procedure, which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a); *see also Yanek v. Staar Surgical Co.*, 2004 WL 5574358, at **3-4 (C.D.Cal. 2004) (consolidating related actions because they "arise from, or relate to, substantially the same facts and questions of law…").

Here, the Related Actions clearly involve common issues of law and fact, as they each name similar if not identical defendants, state similar claims, and arise from the same factual circumstances. Consolidation of the Related Actions is necessary and appropriate and will serve to promote an efficient litigation by expediting pretrial proceedings, avoiding duplication of effort, avoiding harassment of parties and witnesses and minimizing the expenditure of time and money by all persons concerned. Moreover, consolidation of the Related Actions is warranted because each of these cases is dependent on proof of the same questions of law and fact—specifically, whether the Individual Defendants violated the federal securities laws by, *inter alia*, disseminating misleading information and omitting material information in public disclosures. Hence, the parties in each case will seek to review the same documents and depose the same witnesses.

Given that the Related Actions are in their infancy, litigating these cases in one consolidated fashion will conserve judicial resources and is the most efficient

method for adjudicating this controversy. *See Id.* (consolidating related actions due largely to the fact that "these actions involve common question of law and fact, [and] the same discovery and similar class certification issues will be relevant to all related actions."). Under these circumstances, consolidation is proper pursuant to Fed. R. Civ. P. 42(a).

**B.** **Movant Should Be Appointed Lead Plaintiff**

**i.** **The Procedural Requirements Pursuant To The PSLRA**

The PSLRA sets forth a detailed procedure that governs the appointment of a lead plaintiff or lead plaintiffs in each private action arising under the Exchange Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i). Specifically, the PSLRA provides that, within 20 days after the date on which a class action is filed, the plaintiff or plaintiffs who filed the initial complaint shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class: (i) of the pendency of the action, the claims asserted therein, and the purported class period; and, (ii) that not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiffs of the purported class. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, a notice was published on April 8, 2011 on *Globe Newswire*, advising class members of the pendency of the action. *See* Goldberg Decl., Exhibit A.

Furthermore, the PSLRA directs the Court to consider any motions by plaintiffs or purported class members to serve as Lead Plaintiff in response to any such notice within 60 days after the date of publication of the notice, or as soon as practicable after the Court decides any pending motions to consolidate any actions asserting substantially the same claim or claims. Under this section, the court

"shall" appoint the "most adequate plaintiff," and is to presume that such plaintiff is the person, or group of persons, which:

   a. has either filed the complaint or made a motion in response to a notice...

   b. in the determination of the court, has the largest financial interest in the relief sought by the class; and

   c. otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. Section 21D (a)(3)(B)(iii)(I).

As discussed below, Movant has complied with the procedural prerequisites of the PSLRA. Moreover, Movant believes that he has the largest combined financial interest in the litigation, and otherwise meets the relevant requirements of Rule 23.

### ii. **Movant Is "The Most Adequate Plaintiff"**

#### 1. **Movant's Motion is Timely**

Under the deadlines established by the PSLRA, any class members interested in moving for the appointment as Lead Plaintiff in this matter must do so within 60 days of the date of publication of the notice of the first filed action, or May 31, 2011. 15 U.S.C. §78u-4(a)(3)(A) and (B). Because this Motion is filed within the requisite time frame after publication of the notice, Movant's motion is timely.

#### 2. **Movant Has the Largest Financial Interest**

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii) , the Court shall presume that the most adequate plaintiff is the "person or group of persons" that represent(s) the largest financial interest in the relief sought by the action and who also meets the requirements of Rule 23. During the Class Period, as evidenced by, among other things, the accompanying signed certification and loss charts (*see* Goldberg Decl. Exhibits B and C), Mr. Lyons has incurred a total loss of $1,305,275.54 on his

transactions in IntelliMedia securities. Movant believes that he has the largest financial interest in the litigation and it satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff. 15 U.S.C. § 78u-4 (a)(3)(B); *see also Stackhouse v. Toyota Motor Co.*, 2010 WL 3377409, at *2 (C.D.Cal. July 16, 2010) (the Court appointed as lead plaintiff the party with the largest alleged losses); *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 666 (C.D.Cal. 2005) ("the Reform Act provides in categorical terms that the only basis on which a court may compare plaintiffs competing to serve as lead is the size of their financial stake in the controversy.") (internal citations omitted).

### 3. **Movant Otherwise Satisfies Rule 23**

In addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure" in order to be the presumptive most adequate plaintiff. 15 U.S.C. §78u-4(a)(3)(B). To that end, Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two—typicality and adequacy—are relevant in the Lead Plaintiff analysis. Consequently, in deciding the motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until Lead Plaintiff moves for class certification. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

This interpretation is supported by the PSLRA, which provides that the most adequate plaintiff presumption may be rebutted only by proof that a plaintiff "will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Here, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff.

### a. **Movant's Claims Are Typical of Class Claims**

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. The typicality requirement of Rule 23(a) is satisfied when a plaintiff has: (1) suffered the same injuries as the absent class members (2) as a result of the same course of conduct by defendants; and (3) plaintiff's claims and the claims of the class are based on the same legal issues. *See In re Surebeam Corp. Sec. Litig.*, 2004 WL 5159061, at *6 (S.D. Cal. 2004) ("[typicality] mandates that the presumptive lead plaintiff's claim arise from the same event or course of conduct giving rise to the claims of other class members and be based on the same legal theory.") (internal quotations omitted).

Since the action seeks to prove that Defendants committed the same unlawful acts in the same methods against an entire class, and all members of this class have identical claims, the typicality requirement of Rule 23(a)(3) is satisfied. *See id.* at *6, *citing Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985). Movant seeks to represent a class of purchasers of IntelliMedia common stock that have identical, non-competing, and non-conflicting interests, and satisfy the typicality requirement because they: (a) purchased IntelliMedia shares during the Class Period at prices alleged to have been artificially inflated by the false and misleading statements issued by Defendants, and (b) were damaged by

10

Defendants' alleged violations of the federal securities laws. Movant's claims meet the typicality requirement since all the claims arise out of the same course of events, are based on the same legal theories, and questions of liability are common to all proposed class members. *See id.* at *6.

**b. Movant Will Fairly and Adequately Protect the Interests of the Class**

Rule 23(a) further requires that the class representative fairly and adequately represent the class. In determining whether a representative will fairly and adequately represent the class, courts assess: (i) whether the proposed Lead Plaintiff has interests that are not antagonistic to the class, (ii) whether the class representative has significant interest in the outcome of the case to ensure vigorous advocacy, and (iii) whether the representative party's counsel is qualified, experienced, and generally able to conduct the litigation. *See Surebeam*, 2004 WL 5159061, at *5, *citing In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.*, 122 F.R.D. 251, 257 (C.D. Cal. 1998).

Movant will more than adequately represent the interests of the class. First, Movant's interests are clearly aligned with the interests of the members of the proposed class, and there is no antagonism or conflict whatsoever between his respective interests and the interests of the class members. As detailed above, Movant shares substantially similar questions of law and fact with the members of the Class, and his claims are typical of the members of the Class. Second, Movant has amply demonstrated his adequacy as a class representative by signing a certification affirming his willingness to serve as and assume the responsibilities of Lead Plaintiff. *See* Goldberg Decl., Exhibit B. Furthermore, having suffered substantial losses as a result of Defendants' misrepresentations and/or omissions, Movant will be a zealous advocate on behalf of the class. Mr. Lyons has also

signed a Declaration attesting to and reaffirming his willingness to pursue the action on behalf of the Class, as well as his understanding of, and commitment to, fulfilling the role of Lead Plaintiff in the litigation. *See* Goldberg Decl., Exhibit E. Finally, Movant's proposed Lead Counsel, Saxena White, is highly qualified and has extensive experience in successfully prosecuting securities class actions, as discussed *infra*. *See* Goldberg Decl., Exhibit D.

Thus, the close alignment of interests between Movant and the other class members, and his strong desire to prosecute this action on behalf of the class, provide ample justification to appoint Movant as Lead Plaintiff in this litigation. Accordingly, Mr. Lyons satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion and should be appointed as Lead Plaintiff.

### C. Movant's Choice of Lead and Local Counsel Should Be Approved

Pursuant to the PSLRA, a Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class. 15 U.S.C. §78u-4(a)(3)(B)(v). Moreover, the Court should not disturb a Lead Plaintiff's choice of counsel unless "necessary to protect the interests of the plaintiff class." *See* Statement of Managers—The "Private Securities Litigation Reform Act of 1995," 141 Cong. Rec. H14691-08, at H13700 (daily ed. Nov. 28, 1995); *see also In re Cavanaugh*, 306 F.3d 726, 732-733 (9th Cir. Cal. 2002) (The court should honor the Lead Plaintiff's selection of counsel except in extreme circumstances, where the selection of counsel appears "irrational" or is otherwise clearly against the interests of the class members). Lead Counsel is responsible for "formulating ... and presenting positions on substantive and procedural issues during the litigation." Manual for Complex Litigation (Fourth) § 10.221 (2005). Lead Counsel would also be responsible for appearing before the court, conducting discovery, working with opposing counsel, and performing all aspects of the litigation. *Id.*

Movant has selected the law firm of Saxena White to serve as Lead Counsel to pursue this litigation on his behalf and on behalf of the Class. Saxena White possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. As demonstrated by its firm resume, Saxena White has been appointed as Lead or Co-Lead Counsel in landmark, precedent-setting class actions. *See* Goldberg Decl., Exhibit D.

Saxena White is a well-established, nationwide firm with an extensive and impressive track record of prosecuting complex litigation. With offices in Florida, Massachusetts, and Montana, and with attorneys that are members of the California Bar and this Court, Saxena White is well-positioned to handle complex shareholder litigation across the country. In litigating securities class actions, shareholder derivative actions, breach of fiduciary duty class actions, merger & acquisition challenges and consumer class actions, Saxena White has repeatedly demonstrated an ability to provide plaintiffs with superior representation as Lead Counsel. The firm's considerable efforts have led to groundbreaking settlements and judgments resulting in a collective recovery in the hundreds of millions of dollars. Courts throughout the country have recognized that Saxena White has the experience and resources to successfully and efficiently prosecute complex class and derivative actions as Lead Counsel.

For instance, acting as sole Class Counsel in a securities fraud action against SIRVA, Inc., Saxena White gained final approval from the Northern District of Illinois of a $53.3 million settlement for shareholders. *See Central Laborers' Pension Fund v. SIRVA, Inc., et. al.,* No. 04 CV-07644 (N.D. Ill. November 2, 2007). In addition to the monetary component of the settlement, SIRVA made significant reforms to its internal controls policies, including discarding the SIRVA

13

Board of Directors plurality standard for director elections, and strengthening requirements regarding director attendance at shareholder meetings. The development and implementation of these reforms (which the company recognized was a main result of the litigation) was truly a testament to the negotiating and litigation acumen that Saxena White demonstrated during the course of this complex action.

Further, the Honorable William S. Duffey, Jr. of the Northern District of Georgia, also noted that Saxena White's lawyers act with "dignity and respect," produce "well-done pleadings," are "thorough [and] insightful," and "fight[] as hard but as honestly and professionally as they can for the interest of their clients." *In re Freidman's Sec. Litig.*, 1:03-CV-3475-WSD (N.D. Ga. Feb. 5, 2009). Similarly, the Honorable Judge Jed S. Rakoff, a noted Judge of the Southern District of New York, recognized that Saxena White had performed "excellent work" in this "important case" on behalf of Merrill Lynch and its shareholders worldwide. *In re Merrill Lynch & Co., Inc. Securities, Derivative and ERISA Litig.*, 4:07 Civ. 9633 (JSR) (S.D.N.Y. Jan. 20, 2009).

In approving the settlement in *Klien v. FPL Group, Inc.*, United States District Court Judge Alan S. Gold recognized that the action presented "complex and novel legal issues...[where] the likelihood of success for Plaintiffs at the outset of the case was very low." In approving the exceptional settlement that was eventually reached after years of hard fought litigation, Judge Gold stated:

> Plaintiffs' counsel, a highly experienced group of lawyers with national reputations in large securities class actions, recovered an unprecedented amount of money for shareholders as a result of this settlement - $22.25 million in addition to sweeping corporate governance changes which FPL Group has agreed to implement.[5]

---

[5] *Klien v. FPL Group, Inc.*, Case No. 02-20170-civ-Gold (S.D. Fla. Nov. 23, 2004) (Order and Final Judgment of Dismissal at 9).

In terms of derivative litigation, Saxena White is also currently serving as Co-Lead Counsel in several of the most significant derivative cases in the nation. For instance, *In re Bank of America Corp. Securities, Derivative and ERISA Litigation*, No. 09-MD-2058 (S.D.N.Y.), the firm was appointed as Co-Lead Counsel from amongst numerous firms, with Judge Chin expressly noting that **Saxena White is *"experienced and qualified to serve as lead counsel."*** Similarly, in *In re Goldman Sachs Group, Inc. Derivative Litigation*, Master File No. 10 Civ. 3614-PAC (S.D.N.Y.), Judge Crotty appointed Saxena White as Lead Counsel, and specifically mentioned that ***"Saxena White is well qualified to play its role as lead counsel. The pleadings it filed in this matter, including the motion papers, are competent and professional."*** Saxena White also served as Co-Lead Counsel in another noteworthy derivative action*, Lee P. Rosky v. Todd S. Farha, et al.*, No. 8:07-cv-1952-VMC-MAP (Consolidated) (M.D.Fla. Filed Nov. 7, 2007), involving claims against WellCare Health Care Plans, Inc.

Additionally, Mr. Lyons has selected GB&G to serve as Local Counsel. GB&G has extensive experience prosecuting complex litigation, including securities fraud class actions, and will serve to facilitate the litigation on a local level. Moreover, Saxena White and GB&G have in the past worked effectively to successfully prosecute a similar securities shareholder class action.[6] Accordingly, Mr. Lyons should be appointed as Lead Plaintiff and the Court should approve of its selection of Saxena White as Lead Counsel and GB&G as Local Counsel.

---

[6] *See In re Atricure, Inc. Securities Litigation*, C.A. No. 1:08-cv-00867 (S.D.Oh.)(Oct. 13, 2010) (Order and Final Judgment approving $2.75 million class settlement where Saxena White and GB&G served as co-lead counsel).

## V. CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the above-captioned Related Actions, (2) appoint Movant as Lead Plaintiff of the consolidated action, and (3) approve of Movant's selections of Saxena White as Lead Counsel and GB&G as Local Counsel.

Dated: May 31, 2011

By: _____

**GLANCY BINKOW & GOLDBERG LLP**
LIONEL Z. GLANCY (#134180)
MICHAEL GOLDBERG (#188669)
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
E-mail: info@glancylaw.com

***Proposed Local Counsel for the Class***

**SAXENA WHITE P.A.**
Joseph E. White, III
Lester R. Hooker (SBA 241590)
2424 N. Federal Hwy, Suite 257
Boca Raton, FL 33431
Tel: (561) 394-3399
Fax: (561) 394-3382

***Proposed Lead Counsel for the Class***

16